IN THE CIRCUIT COURT OF THE 9TH
JUDICIAL CIRCUIT, IN AND FOR
ORANGE COUNTY, FLORIDA

LARRY RUMBOUGH,
    Plaintiff,

Case No.: 2017-CA-005388-O

-v-

ON DECK CAPITAL, INC.; LENDIO,
    Defendants.

## VERIFIED COMPLAINT

Plaintiff, LARRY RUMBOUGH, hereby sues Defendants, ON DECK CAPITAL, INC.;

LENDIO, and alleges:

## PRELIMINARY STATEMENT

1. This is an action for damages brought for damages for violations of the Telephone

Consumer Practices Act (TCPA) 47 U.S.C. §227 *et seq*. and Invasion of Privacy under Florida

common law.

## JURISDICTION AND VENUE

2. The jurisdiction of this Court is conferred by 47 U.S.C. §227(b)(3).

3. Venue is proper in this Circuit pursuant to 28 U.S.C. §1391b.

4. This is an action for damages which exceed $75,000.00.

5. Plaintiff, Larry Rumbough, is a natural person and is a resident of the State of Florida.

6. Defendant, ON DECK CAPITAL, INC. ("On Deck") is Delaware corporation,

authorized to do business in Florida.

7. Defendant, LENDIO ("Lendio") is an unknown entity.

8. All conditions precedent to the bringing of this action have been performed, waived or excused.

## FACTUAL ALLEGATIONS

9. Defendants called Plaintiff as a telephone solicitation on June 13, 2013 at 1:23 p.m. Plaintiff informed the caller that he was not interested in Defendants' services and not to call again.

10. Instead, Defendants engaged in a campaign of harassment against Plaintiff by calling him an additional 72 times from June 14, 2013 to June 22, 2013, sometimes as many as 17 times in one day.

11. At no time has Plaintiff had a business relationship with Defendants.

12. 47 U.S.C. 227(b)(3) (hereinafter, "TCPA") provides for the award of $500.00 or actual damages, whichever is greater, for each telephone call made by an automatic telephone dialing system to Plaintiff's telephone in violation of the TCPA or the regulations proscribed under the TCPA.

13. Additionally, 47 U.S.C. 227(b)(3) allows the trial court to increase the penalty up to three times for each telephone call made by an automatic telephone dialing system to Plaintiff's telephone, knowingly and willfully made in violation of the TCPA or the regulations proscribed under the TCPA.

14. 47 U.S.C. 227(c)(5) provides for the award of $500.00 or actual damages, whichever is greater, for each telephone call made for unwanted telephone solicitation.

15. At all times herein, Defendant had knowledge of the TCPA and its terms and prohibitions.

16. Defendants' telephone calls were made to Plaintiff's telephone using an automatic dialing system or an artificial or pre-recorded voice and were made in willful and knowing violation of the TCPA.

17. Each of the calls was made to Plaintiff's home telephone number 407-281-7822.

18. Each of the calls was made by Defendant using an "automatic dialing system or artificial or pre-recorded voice," as defined by the TCPA, from telephone number 850-571-9024.

19. Plaintiff never gave Defendants express consent to call Plaintiff's telephone using an automatic dialing system or using a pre-recorded voice.

20. Each of the calls was willfully made for the purpose of harassing or abusing Plaintiff.

21. Defendants called Plaintiff on his telephone on each of the below itemized occasions using an automatic dialing system, without possessing his prior express consent to do so:

22. On June 13, 2013, at 1:23 p.m., Defendants called Plaintiff as a telephone solicitation.

23. On June 14, 2013, at 12:22 p.m., Defendants called Plaintiff as a telephone solicitation.

24. On June 14, 2013, at 12:30 p.m., Defendants called Plaintiff as a telephone solicitation.

25. On June 14, 2013, at 12:31 p.m., Defendants called Plaintiff as a telephone solicitation.

26. On June 14, 2013, at 12:31 p.m., Defendants called Plaintiff as a telephone solicitation.

27. On June 14, 2013, at 12:32 p.m., Defendants called Plaintiff as a telephone solicitation.

28. On June 14, 2013, at 12:59 p.m., Defendants called Plaintiff as a telephone solicitation.

29. On June 14, 2013, at 1:21 p.m., Defendants called Plaintiff as a telephone solicitation.

30. On June 14, 2013, at 1:36 p.m., Defendants called Plaintiff as a telephone solicitation.

31. On June 14, 2013, at 2:39 p.m., Defendants called Plaintiff as a telephone solicitation.

32. On June 14, 2013, at 3:04 p.m., Defendants called Plaintiff as a telephone solicitation.

33. On June 14, 2013, at 3:27 p.m., Defendants called Plaintiff as a telephone solicitation.

34. On June 14, 2013, at 3:58 p.m., Defendants called Plaintiff as a telephone solicitation.

35. On June 14, 2013, at 4:23 p.m., Defendants called Plaintiff as a telephone solicitation.

36. On June 14, 2013, at 4:50 p.m., Defendants called Plaintiff as a telephone solicitation.

37. On June 14, 2013, at 5:26 p.m., Defendants called Plaintiff as a telephone solicitation.

38. On June 14, 2013, at 6:04 p.m., Defendants called Plaintiff as a telephone solicitation.

39. On June 14, 2013, at 6:23 p.m., Defendants called Plaintiff as a telephone solicitation.

40. On June 17, 2013, at 10:01 a.m., Defendants called Plaintiff as a telephone solicitation.

41. On June 17, 2013, at 10:33 a.m., Defendants called Plaintiff as a telephone solicitation.

42. On June 17, 2013, at 10:59 a.m., Defendants called Plaintiff as a telephone solicitation.

43. On June 17, 2013, at 11:31 a.m., Defendants called Plaintiff as a telephone solicitation.

44. On June 17, 2013, at 11:59 a.m., Defendants called Plaintiff as a telephone solicitation.

45. On June 17, 2013, at 1:00 p.m., Defendants called Plaintiff as a telephone solicitation.

46. On June 17, 2013, at 1:33 p.m., Defendants called Plaintiff as a telephone solicitation.

47. On June 17, 2013, at 1:59 p.m., Defendants called Plaintiff as a telephone solicitation.

48. On June 17, 2013, at 3:07 p.m., Defendants called Plaintiff as a telephone solicitation.

49. On June 17, 2013, at 3:55 p.m., Defendants called Plaintiff as a telephone solicitation.

50. On June 17, 2013, at 4:33 p.m., Defendants called Plaintiff as a telephone solicitation.

51. On June 17, 2013, at 5:21 p.m., Defendants called Plaintiff as a telephone solicitation.

52. On June 17, 2013, at 6:01 p.m., Defendants called Plaintiff as a telephone solicitation.

53. On June 18, 2013, at 10:01 a.m., Defendants called Plaintiff as a telephone solicitation.

54. On June 18, 2013, at 10:33 a.m., Defendants called Plaintiff as a telephone solicitation.

55. On June 18, 2013, at 11:06 a.m., Defendants called Plaintiff as a telephone solicitation.

56. On June 18, 2013, at 11:41 a.m., Defendants called Plaintiff as a telephone solicitation.

57. On June 18, 2013, at 12:24 p.m., Defendants called Plaintiff as a telephone solicitation.

58. On June 18, 2013, at 12:57 p.m., Defendants called Plaintiff as a telephone solicitation.

59. On June 18, 2013, at 1:33 p.m., Defendants called Plaintiff as a telephone solicitation.

60. On June 18, 2013, at 1:59 p.m., Defendants called Plaintiff as a telephone solicitation.

61. On June 18, 2013, at 3:09 p.m., Defendants called Plaintiff as a telephone solicitation.

62. On June 18, 2013, at 4:10 p.m., Defendants called Plaintiff as a telephone solicitation.

63. On June 18, 2013, at 4:44 p.m., Defendants called Plaintiff as a telephone solicitation.

64. On June 18, 2013, at 5:46 p.m., Defendants called Plaintiff as a telephone solicitation.

65. On June 18, 2013, at 6:21 p.m., Defendants called Plaintiff as a telephone solicitation.

66. On June 18, 2013, at 6:51 p.m., Defendants called Plaintiff as a telephone solicitation.

67. On June 19, 2013, at 10:01 a.m., Defendants called Plaintiff as a telephone solicitation.

68. On June 19, 2013, at 10:36 a.m., Defendants called Plaintiff as a telephone solicitation.

69. On June 19, 2013, at 11:21 a.m., Defendants called Plaintiff as a telephone solicitation.

70. On June 19, 2013, at 1:03 p.m., Defendants called Plaintiff as a telephone solicitation.

71. On June 19, 2013, at 3:33 p.m., Defendants called Plaintiff as a telephone solicitation.

72. On June 19, 2013, at 4:33 p.m., Defendants called Plaintiff as a telephone solicitation.

73. On June 19, 2013, at 5:22 p.m., Defendants called Plaintiff as a telephone solicitation.

74. On June 19, 2013, at 6:26 p.m., Defendants called Plaintiff as a telephone solicitation.

75. On June 19, 2013, at 6:59 p.m., Defendants called Plaintiff as a telephone solicitation.

76. On June 20, 2013, at 10:37 a.m., Defendants called Plaintiff as a telephone solicitation.

77. On June 20, 2013, at 11:37 a.m., Defendants called Plaintiff as a telephone solicitation.

78. On June 20, 2013, at 12:26 p.m., Defendants called Plaintiff as a telephone solicitation.

79. On June 20, 2013, at 1:03 p.m., Defendants called Plaintiff as a telephone solicitation.

80. On June 20, 2013, at 1:58 p.m., Defendants called Plaintiff as a telephone solicitation.

81. On June 20, 2013, at 3:56 p.m., Defendants called Plaintiff as a telephone solicitation.

82. On June 20, 2013, at 5:00 p.m., Defendants called Plaintiff as a telephone solicitation.

83. On June 20, 2013, at 6:18 p.m., Defendants called Plaintiff as a telephone solicitation.

84. On June 21, 2013, at 10:14 a.m., Defendants called Plaintiff as a telephone solicitation.

85. On June 21, 2013, at 11:21 a.m., Defendants called Plaintiff as a telephone solicitation.

86. On June 21, 2013, at 12:24 p.m., Defendants called Plaintiff as a telephone solicitation.

87. On June 21, 2013, at 1:56 p.m., Defendants called Plaintiff as a telephone solicitation.

88. On June 21, 2013, at 3:44 p.m., Defendants called Plaintiff as a telephone solicitation.

89. On June 21, 2013, at 4:48 p.m., Defendants called Plaintiff as a telephone solicitation.

90. On June 21, 2013, at 5:50 p.m., Defendants called Plaintiff as a telephone solicitation.

91. On June 21, 2013, at 6:55 p.m., Defendants called Plaintiff as a telephone solicitation.

92. On June 22, 2013, at 10:01 a.m., Defendants called Plaintiff as a telephone solicitation.

93. On June 22, 2013, at 11:28 a.m., Defendants called Plaintiff as a telephone solicitation.

94. On June 22, 2013, at 12:30 p.m., Defendants called Plaintiff as a telephone solicitation.

## COUNT I
## VIOLATION OF TELEPHONE COMMUNICATIONS
## ROTECTION ACT (TCPA) 47 U.S.C. 227
## BY DEFENDANTS ON DECK AND LENDIO

95. Paragraphs 1 through 94 are realleged as though fully set forth herein.

96. Plaintiff's phone number has been listed with the National Do Not Call Registry since September 22, 2006.

97. Defendants are subject to, and have violated the provisions of, 47 U.S.C. 227 (b)(1)(A) by using an automatic telephone dialing system or an artificial or pre-recorded voice to call Plaintiff's telephone without his prior express consent.

98. Each of the Calls made to Plaintiff's telephone was a call knowingly, willfully, and consciously made in violation of the TCPA.

99. On Deck and Lendio willfully and knowingly violated the TCPA. Defendants' violations include, but are not limited to, the following:

    (a) On Deck and Lendio willfully and knowingly violated 47 U.S.C. §227(b)(1)(B) by initiating telephone calls to Plaintiff's telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of Plaintiff,

    (b) On Deck and Lendio willfully and knowingly violated 47 U.S.C. §227(c) by making or transmitting a telephone solicitation to the Plaintiff's telephone number,

WHEREFORE, Plaintiff demands judgment against Loan Deck and Lendio for $500.00 statutory damages per violation of the TCPA, treble statutory damages per knowing and willful violation of the TCPA, damages, and attorney's fees and costs, pursuant to 47 U.S.C. §227(b)3 & (c)5.

## COUNT II
## VIOLTION OF INVASION OF PRIVACY
## BY DEFENDANTS ON DECK AND LENDIO

100. Paragraphs 1 through 94 are realleged as though fully set forth herein.

101. Defendant and its representatives intentionally interfered, physically or otherwise, with Plaintiff's solitude, seclusion, and private concerns or affairs.

102. Specifically, Defendant repeatedly and unlawfully called Plaintiff's telephone using an automatic dialing system at least 73 times within a span of nine days.

103. Defendant's behavior constitutes an invasion of Plaintiff's privacy as an intrusion into his seclusion.

104. Such invasions were unlawful, intentional, systematic, continuous, willful, and harassing, and were made with complete disregard of Plaintiff's rights to privacy.

105. All communications were made with the intent to invade Plaintiff's constitutional expectation of right to privacy and were made with malicious intent to infringe upon Plaintiff's reasonable expectation of privacy in Plaintiff's solitude, seclusion, and private concerns or affairs.

WHEREFORE, Plaintiffs demands judgment against Loan Deck and Lendio for damages, and attorney's fees and costs.


## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

## VERIFICATION

All the above statements are true to the best of my knowledge. I understand that a false statement in this Verified Complaint may subject me to penalties of perjury.

Dated: June 13, 2017

Respectfully submitted,

*Larry Rumbough*

Larry Rumbough
840 Lilac Trace Lane
Orlando, FL 32828
321-331-1859